```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
```

AMILCAR GOMEZ,

        Petitioner,               **MEMORANDUM & ORDER**

                                                     14-CV-5801 (KAM)

    -against-

UNITED STATES OF AMERICA,

        Respondent.

```
---------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

      Petitioner Amilcar Gomez ("Petitioner") currently incarcerated in the custody of the federal Bureau of Prisons, brings this second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On April 3, 2009, Petitioner was convicted after a jury trial of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and 1963(a) (Count One); unlawful possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Two); and murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Five). (*See* ECF No. 19, Petition for Writ of Habeas Corpus ("Pet."), at 1.) On March 10, 2010, Petitioner was sentenced by District Judge Sterling Johnson, Jr. to 365 months on Count One;

60 months on Count Two; the sentence in Count Two to run consecutive to the sentence in Count One; and to a life term on Count Five; the sentence for Count Five to run concurrent to the term imposed on Counts One and Two.  (*Id.* at 1-2.)

In 2014, Petitioner filed a Section 2255 petition challenging his conviction, alleging principally that he was denied his Sixth Amendment right to effective assistance of counsel.  *See Gomez v. United States*, No. 14-CV-5801 (SJ), 2018 WL 2187822, at *7 (E.D.N.Y. May 11, 2018).  Judge Johnson denied Petitioner's petition in full, concluding that he had "not established ineffective assistance of counsel or that he was actually innocent of any of the crimes charged."  *Id.* at *14.

On December 19, 2021, the Second Circuit granted Mr. Gomez's motion to file a successive Section 2255 petition.  (ECF No. 15.)  Now before the Court is Petitioner's successive Section 2255 petition, challenging his conviction on Count Two (under Section 924(c)) and stating that it "must be vacated in light of the ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019) and its progeny."  (Pet. at 3.)  Petitioner's petition is denied substantially for the reasons stated in the government's opposition brief.  (ECF No. 20.)  Specifically, the Court exercises its discretion under the "concurrent sentence doctrine," as explained by the Second Circuit in *Al -'Owhali v. United States*, 36 F.4th 461, 466 (2d Cir. 2022),

2

to decline to hear Petitioner's challenge to his conviction on Count Two.

The "concurrent sentence doctrine" permits a court to "decline to consider a challenge to a 'conviction for which an appellant's sentence runs concurrently with that for another, valid conviction.'" *Al -'Owhali*, 36 F.4th at 466 (quoting *United States v. Vargas*, 615 F.2d 952, 956 (2d Cir. 1980)). The exercise of such discretion is appropriate when, as in the instant case, two conditions are met: "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.* at 467.

*First*, Petitioner's challenge to his conviction on Count Two will have no effect on the time he must remain in prison because he has not challenged the concurrent sentence of life imprisonment, which was upheld on both direct appeal and in a previous collateral challenge. *See United States v. Gomez*, 705 F.3d 68, 80 (2d Cir. 2013); *Gomez v. United States*, No. 14-CV-5801 (SJ), 2018 WL 2187822, at *14 (E.D.N.Y. May 11, 2018). This is similar to the situation in *Al-'Owhali*, which involved a challenge to a Section 924(c) conviction with a consecutive 30-year sentence, but not concurrent life sentences. *Al -'Owhali*, 36 F.4th at 467 ("Whether the challenged sentence runs consecutively or concurrently to the

3

unchallenged life sentence is a distinction without a difference.") (internal quotation marks and citation omitted).  In that case, the Second Circuit explained that "[v]acatur of his § 924(c) conviction will have no effect on the time he must serve in prison.  Therefore, entertaining Al-'Owhali's challenge would result in the expenditure of the court and parties' time and resources, with no possibility for any cognizable change for Al-'Owhali even if his challenge were successful."  *Id.* (internal quotation marks and citation omitted).  This case is no different, and the same reasoning applies.

*Second*, the Court considers the factors identified in *United States v. Vargas* for potential adverse collateral consequences of the unreviewed conviction.  615 F.2d 952, 959-60 (2d Cir. 1980).  Those factors include "the unreviewed conviction's effect on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction."  *Kassir v. United States*, 3 F.4th 556, 568 (2d Cir. 2021).

None of the *Vargas* factors supports considering Petitioner's Section 2255 motion.  Reaching the merits of Petitioner's claim will not affect his eligibility for parole because his unchallenged

4

life sentence is without parole.[1] *See United States v. Delgado*, 971 F.3d 144, 159 (2d Cir. 2020) ("Since there is no parole in the federal system, [the] sentence is effectively the same as a life-without-parole sentence in state court systems."). Furthermore, it is unlikely that Petitioner will be subject to any recidivist statute for a future offense "such that the unreviewed conviction could result in an 'increased sentence,' because [Petitioner] is already in prison for life." *Al-'Owhali*, 36 F.4th at 468 (citing *Kassir*, 3 F.4th at 568). As in *Al-'Owhali*, "the unreviewed conviction is unlikely to be used to impeach [Petitioner's] character at a future trial or affect his chances for a potential pardon," *id.*, because even if his conviction on Count Two were vacated, he would remain convicted of multiple more serious counts – specifically, murder in aid of racketeering, and racketeering conspiracy. Finally, Petitioner's conviction on Count Two is unlikely to subject him to any additional societal stigma, "especially in comparison to the stigma already carried by his unchallenged convictions." *Id.*

---

[1] The Court also notes that Petitioner's life sentence was for his murder conviction under the Violent Crimes in Aid of Racketeering ("VCAR") statute. VCAR prohibits the commission of certain violent crimes "in violation of the laws of any State or the United States," including murder, "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). VCAR-murder carries a mandatory life sentence. 18 U.S.C. § 1959(a)(1).

**CONCLUSION**

For the foregoing reasons, the Court declines to review Petitioner's Section 2255 petition and denies his petition without prejudice to Petitioner renewing his challenge to his Section 924(c) conviction if and when he can bring a timely and colorable challenge to his concurrent life sentence. *See Al-'Owhali*, 36 F.4th at 469 (citing *Kassir*, 3 F. 4th at 569). The Court notes that in such a future challenge, a court would evaluate the claim's timeliness by reference to when he raised it in the present action and would allow the government to raise any other defenses that it might wish to advance at that time. *Kassir*, 3 F.4th at 569.

The Clerk of Court is directed to enter judgment for the Respondent and close this case. In accordance with 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and thus denies in forma pauperis status for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

Dated:   February 2, 2024
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

6